IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| TONY FLATT, #14430-078 | § | |
| VS. | § | CIVIL ACTION NO.4:12cv22 |
| | | CRIM NO. 4:07cr76(7) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant, a prisoner confined at FCI in El Reno, Oklahoma, proceeding *pro se*, filed the above-styled and numbered motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

On November 26, 2008, after a plea of guilty, Movant was sentenced to 76 months of imprisonment for conspiracy to possess with intent to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846. He did not file a direct appeal.

The present motion was filed on January 9, 2012. Movant specified that he placed it in the prison mailing system on December 15, 2011. The motion is thus deemed filed on December 15, 2011, in accordance with the "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). In his motion, Movant claims that the Court was unable to properly put into action the appropriation application of U.S.S.G. 5G1.3( c) based on the pre-sentence report and counsel failing

1

to make the Court aware of Movant's status. Specifically, Movant asserts that the Court was unaware that Movant was serving a sentence in state prison and did not order his federal sentence to run concurrently with his state sentence. The Government filed a Response, claiming that Movant's motion is time-barred.

Antiterrorism and Effective Death Penalty Act of 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. A one year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging a conviction. A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). When a defendant fails to file a timely notice of appeal from the judgment of the trial court, the conviction is final upon the expiration of the time for filing a notice of appeal, which is ten days after the entry of the judgment. Fed. R. App. P. 4(b). *See, e.g., Wims v. United States*, 225 F.3d 186, 188 (2nd Cir. 2000).

In the present case, Movant was sentenced on November 26, 2008, and his notice of appeal was due ten days later. Fed. R. App. P. 4(b). Movant did not file a notice of appeal; consequently, his conviction became final for purposes of § 2255 on December 10, 2008. *See Plascencia v. United States*, 2005 WL 2124465 (N.D. Tex. 2005) (Not Reported in F. Supp.2d);[1] *United States v.*

---

[1] The movant in this case, Plascencia, filed a motion for Certificate of Appealability, which was granted. However, on June 26, 2007, the Fifth Circuit dismissed the case for want of prosecution. *See* No. 05-11169 (5th Cir. 2007).

*Cabrera*, 2005 WL 1422154 (N.D. Tex. 2005) (Not Reported in F. Supp.2d). The present § 2255 motion had to be filed within one year from the date on which the judgment became final; thus, Movant had until December 10, 2009, in which to file the motion. It was not filed until December 15, 2011. The present § 2255 motion was filed more than two years beyond the limitations period.

The United States Supreme Court confirmed that the AEDPA statute of limitation is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2560, 177 L. Ed.2d 130 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 20902). The petitioner bears the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). In order to qualify for such equitable tolling, the petitioner must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000).

3

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990). Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324, 116 S. Ct. 1293, 134 L. Ed.2d 440 (1996).

In this case, Movant has not shown any valid basis upon which to equitably toll the statute of limitations. He filed his § 2255 motion 735 days beyond the limitations period; accordingly, this action should be dismissed as time-barred.

<u>Certificate of Appealability</u>

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a

4

constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability as to his claims.

Recommendation

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be

5

denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 13th day of April, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE